UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALASTAIR DOMINIC MOTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:16-cv-02618-LJM-MJD |
| | ) |
| I.U. METHODIST HOSPITAL, | ) |
| HILARY D., | ) |
| HEAD NURSE SHELBY, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Pending Motions and Dismissing Complaint**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

The plaintiff's motion for change of venue states: "I have been having too many problems in Indianapolis with my civil rights violations." The plaintiff's motion does not state what would be a better venue for this action and it appears that the Southern District of Indiana, Indianapolis Division, is the most appropriate venue. The motion to change venue [dkt. 4] is **denied.**

**III**.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e). District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal

under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

As presented, Alastair Dominic Moton's complaint fails to state a claim upon which relief can be granted. Mr. Moton alleges that on August 14, 2016, he presented himself to I.U. Methodist for treatment of what he believed to be chlamydia, but that defendant Nurse Hilary assessed that he did not have chlamydia and therefore did not treat him. Based on these allegations, Mr. Moton brings the following claims:

*[handwritten:] Attractive-private nuisance, harrashment, slander, mental anguish, discrimination, tort or tort actions, rico, pain and suffering, hate crime, false accusation, defamation*

He also alleges "cruel and unusual punishment, due process of law" based on these allegations. He seeks between $180,000,000 to $360,000,000 in damages.

Mr. Moton's complaint is frivolous. He asserts simply that the nurse determined that he did not have a disease and therefore did not give him "a shot" as he requested. These allegations provide no plausible basis to conclude that Nurse Hilary violated any of Mr. Moton's federally

secured rights. While Mr. Moton states conclusory allegations of "discrimination" and "cruel and unusual punishment," and "hate crime" among other things, he does not provide any factual basis for these claims. He also does not allege that he suffered any injury.

For these reasons, the complaint is **dismissed for failure to state a claim upon which relief can be granted.**

### IV.

Mr. Moton shall have **through October 26, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 10/11/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALASTAIR DOMINIC MOTON
302 N. Hamilton
Indianapolis, IN 46201